UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DAVID L. HARWOOD,<br><br>              Plaintiff,<br><br>  vs.<br><br>K. DONDER, SGT. TYLER, and<br>JOE CAPREE,<br><br>             Defendants. | NO.  CV-05-0359-MWL<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT |

    Plaintiff David Harwood ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On August 22, 2006, the parties consented to have a United States Magistrate Judge conduct all further proceedings, including trial and entry of judgment, in this matter. (Ct. Rec. 43).

    On August 31, 2006, Plaintiff filed a motion for partial summary judgment on the issue of liability.  (Ct. Rec. 46).  On September 7, 2006, Defendants filed a motion to strike Plaintiff's motion for partial summary judgment or, in the alternative, to continue the date for Defendants' response.  (Ct. Rec. 51).  Defendants' motion to

ORDER - 1

continue the deadline for their response was granted. (Ct. Rec. 55). Defendants filed an opposition on November 13, 2006. (Ct. Rec. 57). Plaintiff did not file a reply to the opposition.

Summary judgment is appropriate when it is demonstrated that there exists no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. Pro. 56(c). Under summary judgment practice, the moving party always bears the initial responsibility of informing the Court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). It is the moving party's burden to establish that there exists no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *British Airways Board v. Boeing Co.*, 585 F.2d 946, 951 (9th Cir. 1978).

Where, as here, "the moving party has the burden of proof, . . . his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting from W. Schwarzer, *Summary Judgment Under the Federal Rules: Defining Issues of Material Fact* 99 F.R.D. 465, 487 (1984)). Thus, on a summary judgment motion, the moving party must demonstrate there is no triable issue as to the matters alleged in its own pleadings. *Id*. This requires the moving party to establish beyond controversy every essential element of its claim or defense. *Fontenot v. Upjohn Co.*,

ORDER - 2

780 F.2d 1190, 1194 (5th Cir. 1986). The moving party's evidence is judged by the same standard of proof applicable at trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986).

Pursuant to Local Rule 56.1(a), each motion for summary judgment "shall set forth separately from the memorandum of law, and in full, the specific facts relied upon in support of the motion. The specific facts shall be set forth in serial fashion and not in narrative form. As to each fact, the statement shall refer to the specific portions of the record where the fact is found (i.e., affidavit, deposition, etc.). The specific portions of the record relied upon shall be attached to the statement of material facts."

Plaintiff's motion for partial summary judgment is deficient. The only facts relied upon by Plaintiff that are set out in a serial fashion are contained in his declaration in support of his motion. (Ct. Rec. 50). However, as to each fact provided in the declaration, Plaintiff failed to refer to portions of the record where the fact is found. Plaintiff also failed to attach to his pleadings any portions of the record he relied upon. Therefore, Plaintiff's motion does not comply with the requirements set forth in Local Rule 56.1(a).

Moreover, as demonstrated in Defendants' statement of facts in opposition to Plaintiff's motion for partial summary judgment, the "material facts" set forth in Plaintiff's declaration are controverted by the evidence of record. (Ct. Rec. 58). Defendants provide the affidavits of Phillip Tyler, Robert Binger and Matthew Aebischer to dispute nearly all of the material facts set forth in Plaintiff's declaration. (Ct. Rec. 58-61). Therefore, Plaintiff's motion

ORDER - 3

additionally does not comply with Federal Rule of Civil Procedure 56(c) as Plaintiff has not demonstrated that there exists no genuine issue as to any material fact and that he is entitled to judgment as a matter of law with respect to the issue of liability.

Based on the foregoing, it is **HEREBY ORDERED** that Plaintiff's motion for partial summary judgment, filed August 31, 2006 (**Ct. Rec. 46**), is **DENIED**, without prejudice.

**IT IS SO ORDERED.** The District Court Executive shall file this Order and provide a copy to Plaintiff and counsel for Defendants.

**DATED** this 18th day of December, 2006.

                                s/Michael W. Leavitt
                                 MICHAEL W. LEAVITT
                        UNITED STATES MAGISTRATE JUDGE

ORDER - 4