UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DAVID L. HARWOOD, | NO.  CV-05-0359-MWL |
| Plaintiff, | ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |
| vs. | |
| | ORDER DENYING PLAINTIFF'S MOTION TO STRIKE |
| SGT. TYLER and OFFICER ABETURE, | |
| Defendants. | |

I.  Procedural History

On August 22, 2006, the parties consented to proceed before a magistrate judge. (Ct. Rec. 43).  On December 29, 2006, Defendants filed a motion for summary judgment.  (Ct. Rec. 63).  The motion was appropriately noted for hearing, without oral argument, on February 26, 2007, pursuant to this Court's local rule 7.1(h).  Plaintiff failed to file a timely response to the motion for summary judgment. However, upon the Court's review of the file, it was discovered that the Court did not, as required, advise Plaintiff of the summary judgment standards.  Accordingly, on February 26, 2007, the Court continued the date for hearing on Defendants' motion for summary judgment and attempted to notify Plaintiff of the summary judgment standards.  (Ct. Rec. 70).  Plaintiff was given until March 19, 2007,

ORDER - 1

to file a response to Defendants' pending motion for summary judgment.
(Ct. Rec. 70). The February 26, 2007 order was returned to the Court
as undeliverable to Plaintiff, indicating that Plaintiff was "not at
this facility." (Ct. Rec. 72). Plaintiff, again, did not file a
timely response to Defendants' motion for summary judgment.

On March 27, 2007, Plaintiff filed a letter with the Court
indicating he had been transferred.[1] (Ct. Rec. 73). Plaintiff
further indicated that he was in receipt of Defendants' motion for
summary judgment but was "unable to properly answer." (Ct. Rec. 73).
The Court thereafter permitted Plaintiff additional time, through
April 20, 2007, to respond to Defendants' motion for summary judgment.
(Ct. Rec. 74). The Court re-set Defendants' motion for summary
judgment for hearing on April 30, 2007, without oral argument. (Ct.
Rec. 74). On April 11, 2007, the Court received Plaintiff's response
and opposition to Defendants' motion for summary judgment. (Ct. Recs.
79-81). Plaintiff additionally filed a motion to strike Defendants'
motion for summary judgment. (Ct. Rec. 82).

II. <u>Legal Standard</u>

Summary judgment is appropriate when it is demonstrated that
there exists no genuine issue as to any material fact, and that the
moving party is entitled to judgment as a matter of law. Fed. R. Civ.
P. 56(c). Under summary judgment practice, the moving party

> [A]lways bears the initial responsibility of informing the
> district court of the basis for its motion, and identifying those
> portions of "the pleadings, depositions, answers to

---

[1]Plaintiff previously failed to send in a notice of change of address or otherwise apprise the Court of his current address. This is the second time Plaintiff has caused delay by failing to keep the Court apprised of his address.

ORDER - 2

interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" *Id.* Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp.*, 477 U.S. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." *Id.* at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the

ORDER - 3

dispute exists. Fed. R. Civ. P. 56(e); *Matsushita*, 475 U.S. at 586 n. 11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, *Wool v. Tandem Computers, Inc.*, 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv.*, 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushita*, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Fed. R. Civ. P. 56(c). The evidence of the opposing party is to be believed, *Anderson*, 477 U.S. at 255, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party, *Matsushita*, 475 U.S. at 587 (citing *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962) (per curiam). Nevertheless, inferences

ORDER - 4

are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. *Richards v. Nielsen Freight Lines*, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), *aff'd*, 810 F.2d 898, 902 (9th Cir. 1987).

Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (citation omitted).

III. <u>Discussion</u>

The Civil Rights Act, 42 U.S.C. § 1983, plainly requires that there be an actual connection or link between the actions of the Defendants and the deprivation alleged to have been suffered by Plaintiff. *Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, Plaintiff must link each named Defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

///

ORDER - 5

The pleadings and affidavits provided by Defendants indicate that Defendants Sgt. Tyler and Officer Aebischer did not cause or participate in causing the alleged deprivation of which Plaintiff complains. (Ct. Recs. 63-68). The facts provided by Plaintiff in his opposition to Defendants' motion for summary judgment do not contradict Defendants' assertions. (Ct. Recs. 79-81).

Sgt. Tyler directed the October 14, 2005 systemized search on the 4West module in the Spokane County Jail. (Ct. Rec. 66, p. 2). He did not enter Plaintiff's cell. (Ct. Rec. 66, p. 2; Ct. Rec. 68, p. 6). Sgt. Tyler did not directly participate in or direct any correctional officer to remove and/or destroy any of Plaintiff's religious materials. (Ct. Rec. 66, p. 2). In fact, Sgt. Tyler directed the correctional officers conducting the search to not remove any personal items and instructed that any questionable items should be brought to his attention before their destruction or removal. (Ct. Rec. 66, p. 2). Sgt. Tyler has no knowledge that any religious pamphlets or writings were removed from Plaintiff's cell on October 14, 2005. (Ct. Rec. 66, p. 2).

Officer Aebischer also did not enter Plaintiff's cell on October 14, 2005. (Ct. Rec. 67, p. 2). He did not have any supervisory responsibilities over other correctional officers during the search and did not, at any time, participate in the removal or destruction of any of Plaintiff's religious materials. (Ct. Rec. 67, p. 2). Officer Aebischer has no knowledge that any religious pamphlets or writings were removed from Plaintiff's cell on October 14, 2005. (Ct. Rec. 67, p. 2).

ORDER - 6

Although Plaintiff's complaint contains allegations that Sgt. Tyler and Officer Aebischer participated in the removal and destruction of Plaintiff's religious materials (Ct. Rec. 17), Plaintiff has failed to demonstrate any facts that would support a claim that Defendants Sgt. Tyler and Officer Aebischer were personally involved with the process leading to the alleged loss of his religious materials. Accordingly, Plaintiff's allegations fail to give rise to a cognizable First Amendment free exercise claim because Plaintiff has not linked any named Defendant to the alleged removal and destruction of Plaintiff's religious materials.

With specific regard to Plaintiff's First Amendment claim, Plaintiff has additionally failed to allege any facts suggesting that Defendants interfered with his right to free exercise of religion. In order to establish a free exercise violation, Plaintiff must show that Defendants "burdened the practice of his religion by preventing him from engaging in conduct mandated by his faith." *Freeman v. Arpaio*, 125 F.3d 732, 736 (9th Cir. 1997). "In order to reach the level of a constitutional violation, the interference with one's practice of religion 'must be more than an inconvenience; the burden must be substantial and an interference with a tenet or belief that is central to religious doctrine.'" *Freeman*, 125 F.3d at 737 (quoting *Graham v. C.I.R.*, 822 F.2d 844, 851 (9th Cir. 1987).

On September 5, 2006, Plaintiff testified at his deposition that, following his loss of his religious materials, it was fair to say that, through additional study, he was able to bring himself back to

///

ORDER – 7

the position he was in before the documents were removed. (Ct. Rec. 68, p. 8). He further testified that the alleged loss of his religious materials affected the practice of his religion "somewhat," but it did not affect his religious beliefs. (Ct. Rec. 68, p. 9). Plaintiff stated that he was willing to stipulate to the fact that his "religion wasn't violated," and indicated that he was not sure whether his faith was interrupted. (Ct. Rec. 68, p. 10).

Based on the undisputed facts presented, the alleged conduct appears to have been an inconvenience to Plaintiff. Although the alleged conduct may have inconvenienced Plaintiff in the practice of his religion for approximately thirty-days (Ct. Recs. 80-81), it did not prevent him from practicing his religion nor from participating in the mandates of his religion. *See*, *Freeman*, 125 F.3d at 737.

Based on the foregoing, the Court finds that Plaintiff's allegations fail to give rise to a claim for relief under section 1983 because Plaintiff has not linked any named Defendant to the alleged loss of his religious materials and, in any event, has failed to demonstrate that Defendants interfered with his right to free exercise of religion. Therefore, Defendants Sgt. Tyler and Officer Aebischer are entitled to judgment as a matter of law on Plaintiff's First Amendment free exercise claim.

IV. <u>Conclusion</u>

For the reasons discussed above, the Court orders that Defendants' motion for summary judgment (**Ct. Rec. 63**) be **GRANTED**, and Plaintiff's complaint be **dismissed with prejudice**.

///

///

ORDER - 8

Accordingly, Plaintiff's motion to strike Defendants' motion for summary judgment (**Ct. Rec. 82**) is **DENIED**.

**It IS SO ORDERED**.  The District Court Executive is hereby directed to enter judgment in favor of Defendants and against Plaintiff, file this Order, provide a copy to Plaintiff and counsel for Defendants, and **CLOSE** this file**.**

**DATED** this__1st__day of May, 2007.

                                    s/Michael W. Leavitt
                             MICHAEL W. LEAVITT
                        UNITED STATES MAGISTRATE JUDGE

ORDER – 9